UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MARIBEL RIVERA HERNANDEZ,

Plaintiff,

Vs.

2K CLEVELANDER, LLC

Defendant.

_____/

## NOTICE OF REMOVAL

COMES NOW, Defendant, 2K CLEVELANDER, LLC (hereinafter "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and hereby file this Notice of Removal of the above-captioned matter from the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As grounds therefore, Defendant shows the Court as follows:

**1.    State Court Action**

Plaintiff initiated an action that is still pending in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled *Maribel Rivera Hernandez v. 2K Clevelander, LLC,* and designated Case No. 2017-002458-CA-01. Plaintiff filed that action on January 31, 2017. *See* Summons and Complaint at Tab A.

**2.    Defendant's Receipt of Complaint**

A copy of the Plaintiff's Complaint in this action was received by Defendants, along with the summons, on March 3, 2017. See Tab A.

### 3. Nature of Action

Plaintiff is bringing a claim for sexual harassment under both the Florida Civil Rights Act and Title VII.

### 4. Removal of State Court Action

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending. "

Specifically, this action is removable under 28 U.S.C. §1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1331 (federal question).

### 5. Federal Question

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . " Furthermore, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Because this Court has original jurisdiction over the Title VII claim, which appears on the face of the Complaint, this action should be removed to the federal court pursuant to 28 U.S.C. § 1441(a). *Ayes v. H & R of Belle Glade, Inc.*, No. 08-21038-CIV, 2008 WL 1840714, *4, (S.D.Fla. 2008). "Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court." *Deel v. Metromedia Restaurant Services, Inc.*, 2006 WL 481667, *2

COLE, SCOTT & KISSANE, P.A.
222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

(N.D.Fla. 2006). Because Plaintiff's Complaint clearly raises a federal question, removal is thus proper.

Further, pursuant to 28 USC § 1367, the United States District Court for the Southern District of Florida has supplemental jurisdiction over Plaintiff's state law claim, as it arises out of the same operative facts, and forms the same case or controversy as Plaintiff's federal claim. *See e.g., Williams v. Bennett*, 689 F.3d 1370, 1379 (11thCir. 1982) (federal claims: 42 U.S.C. §§ 1983, 1985, 1986; state claims: assault and battery in inmate civil rights action), cert. denied, 464 U.S. 932 (1983); *Bennett v. Southern Marine Mgmt. Co.*, 531 F.Supp. 115, 116 (M.D.Fla. 1982) (federal claim: Title VII; state claims: breach of agreement and intentional infliction of emotional distress); *Digito v. Pall Aeropower Corp.*, 19 F.Supp.2d 1304, 1308 (M.D.Fla. 1998) (ADEA and FCRA claims); *Vamper v United Parcel Service, Inc.*, 14 F.Supp. 1301, 1306 (S.D.Fla. 1998) (federal claims: Title VII, 42 U.S.C. § 1981; state claims: assault, battery, negligent retention); *Vernon v. Medical Mgmt. Assoc. of Margate*, 912 F.Supp. 1549 (S.D.Fla. 1996) (federal claim: Title VII; state claims: battery, invasion of privacy, intentional infliction of emotional distress, false imprisonment, loss of consortium).

## 6. Venue

The Miami Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, the Miami Division is the proper division within the Southern District of Florida to which the case should be

COLE, SCOTT & KISSANE, P.A.
222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

removed since Plaintiff worked within Miami-Dade County at all relevant times. *See 28* U.S.C. §§ 1441(a), (e) & 1446(a); S.D. Fla. L.R. 3.4(D).

## 7.    State Court Pleadings

Pursuant to 28 U.S.C. § 1446(a), with this notice, the Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action, including the Complaint. *See* Tab B.

## 8.    Notice to State Court and Plaintiffs

Simultaneously with filing this Notice of Removal, Defendant shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## 9.    Timeliness of Notice of Removal

Pursuant to 28 U .S .C. § 1446(b), this removal is timely because 30 days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Specifically, the summons and Complaint was served on Defendant on March 3, 2017, less than thirty days ago. Thus, this removal is timely.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendant
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, Florida 33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977
>
> By:   */s/Jana M. Leichter*
>         JANA M. LEICHTER
>         FBN: 803901
>         Email:  jana.leichter@csklegal.com

**SERVICE LIST**

Paul A. Sack, Esq.
Richard Brandon Deegan, Esq.
PAUL A. SACK, P.A.
1130 Washington Avenue, Suite 3
Miami Beach, FL 33139
E-Mail: ps1619@bellsouth.net, sackpaul@yahoo.com; rbdeegan@gmail.com

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX